The People of the State of New York ex rel. Sam Finkelstein and Others, Relators, *v.* Frank W. Fox, Warden of the Long Island City Prison, Defendant.

Supreme Court, Kings County, April 22, 1935.

*Sidney E. Cohn* and *Louis B. Boudin* [*Louis B. Boudin* of counsel], for the relators.

Steinbrink, J. The relators were arrested on March 26, 1935, charged with violation of subdivision 4 of section 600 of the Penal Law, in that they willfully disobeyed a judgment of the Supreme Court, New York county, entered on November 25, 1929. At the conclusion of the hearing conducted before a city magistrate the relators were held for trial in the Court of Special Sessions.

On this writ of habeas corpus the sole issue to be determined is whether the facts stated in the affidavit of the complaining witness and the proof offered in support thereof at the hearing furnish a reasonable basis for the conclusion that the relators committed the crimes alleged. The conclusory statements contained in the affidavit of the complaining witness, the arguments of counsel and the facts set forth in the brief of the Hebrew Butcher Workers' Union, which relate to matters concerning which there was no testimony in the Magistrates' Court, are no part of the record, and have consequently been disregarded.

The judgment, claimed to have been violated, was entered on default in an action brought by the Hebrew Butcher Workers' Union against the Progressive Butcher and Poultry Workers' Union. The restraining clause of the judgment is directed against certain named individuals, not including the relators now before the court, and " all other members and officers of the defendant association, and each of them, their associates, agents, servants, employees and fellow members of any association or organization, that may have been or may in the future be formed by them, or any of them, or any association or organization that they may have entered into, under any name whatsoever, and all persons whomsoever, known or unknown, to whom notice hereof shall come." While the language employed is somewhat broad, it is to be construed so as to prevent evasion of its terms, and is to be limited in its implications to the controversy out of which the judgment emerged. (*Nann* v. *Raimist*, 255 N. Y. 307; *Tosh* v. *West Kentucky Coal Co.*, 252 Fed. 44; *Alemite Mfg. Corp.* v. *Staff*, 42 F. [2d] 832.) It was conceded at the hearing that the relators were not members of the Progressive Butcher and Poultry Workers' Union. There was no proof to show that the labor union, of which the relators are members, and on whose behalf the picketing was apparently conducted, was either organized by members of the Progressive Butcher and Poultry Workers' Union, or was brought into being for the purpose of evading the judgment obtained by the Hebrew Butcher Workers' Union. Nor does the record disclose any proof justifying the conclusion that the picketing now complained of was an outgrowth or continuation of the controversy which led to the injunctive decree. At the hearing the only proof adduced was that the restraining clause of the judgment was read to the relators after they were served with certified copies of the judgment, and that the relators nevertheless continued to picket. This proof is patently insufficient to support the complaint upon which the warrants of arrest were issued.

The writ is sustained.